



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

Case:4:25-cv-12949
Judge: Kumar, Shalina D.
MJ: Altman, Kimberly G.
Filed: 09-17-2025 At 10:14 AM
CMP CHRISTOPER SWOOPE V RACHEL G. C
ALOIA, ET AL (LG)

**CHRISTOPHER SWOOPE,**

**Plaintiff,**

**v.**

**RACHEL GRACE CALOIA, in her individual and official capacity,**

**KEVIN M. BURTON, in his individual and official capacity,**

**JAN JEFFREY RUBINSTEIN, in his individual and official capacity,**

**THE RUBINSTEIN LAW FIRM, PLLC,**

**and**

**JOHN/JANE DOES 1–20, unknown parties acting in concert,**

**Defendants.**

## VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND CIVIL PENALTIES

### (42 U.S.C. § 1983, § 1985, FRAUD ON THE COURT, MALICIOUS PROSECUTION, ABUSE OF PROCESS, AND RELATED STATE CLAIMS

**TABLE OF CONTENTS**

| Section | Page |
|---|---|
| I. Introduction | 1 |
| II. Jurisdiction and Venue | 2 |
| III. Parties | 3 |
| IV. Factual Allegations | 4 |
| V. Causes of Action | 7 |
| Count I – Due Process & Equal Protection (42 U.S.C. § 1983) | 7 |
| Count II – First Amendment Retaliation (42 U.S.C. § 1983) | 8 |
| Count III – Fraud Upon the Court | 9 |
| Count IV – Civil Conspiracy (42 U.S.C. § 1985(2) & (3)) | 10 |
| Count V – Malicious Prosecution / Abuse of Process | 11 |
| Count VI – State Law Violations | 12 |
| VI. Damages | 13 |
| VII. Relief Requested | 14 |
| VIII. Conclusion | 16 |
| IX. Jury Demand | 17 |
| X. Signature Block | 17 |
| XI. Exhibit Index | 18 |

**EXHIBIT INDEX**

| Exhibit | Title / Description | Date |
|---|---|---|
| Exhibit A | Plaintiff's Emergency Motion for Sanctions under MCR 1.109(E), MCR 2.625(A), MCL 600.2591 | June 14, 2025 |
| Exhibit B | Formal Notice of Intent to File Civil Action and Grievance for Fraud Upon the Court | July 14, 2025 |
| Exhibit C | Verified Motion for Sanctions for Fraudulent Conduct in Case No. 24-017081-CZ | August 7, 2025 |
| Exhibit D | Objection to Scheduling of Defendants' Motion for Summary Disposition in Violation of MCR 2.003(D)(4) | August 7, 2025 |
| Exhibit E | Plaintiff's Formal Response to Defendants' Initial Disclosures | May 9, 2025 |

| Exhibit | Title / Description | Date |
|---|---|---|
| Exhibit F | Defendants' Unauthorized and Untimely Filing in the Michigan Court of Appeals (Docket No. 375699) | August 2025 |
| Exhibit G | Certified Screenshot of MiFile Appellate Docket | May–September 2025 |
| Exhibit H | Plaintiff's Emergency Motion for Judicial Disqualification Pending (MCR 2.003(D)(4)) | August 2025 |
| Exhibit I | BASC Response to Emergency Motion for Sanctions | June 2025 |
| Exhibit J | Amended Complaint Filed by Plaintiff in Case No. 24-017081-CZ (Wayne County Circuit Court) | August 2025 |
| Exhibit K | Affidavits, Proof of Service, and Certified Mail Receipts | Various |

## I. INTRODUCTION

This action is brought by Plaintiff Christopher Swoope, appearing In Pro Per, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and (3), and supplemental state law, to redress a persistent, coordinated, and unconstitutional campaign of fraud, obstruction, retaliation, and abuse of legal process perpetrated by attorneys Rachel Grace Caloia, Kevin M. Burton, Jan Jeffrey Rubinstein, and their firm, The Rubinstein Law Firm, PLLC.

Operating under color of law, in active concert with state actors, and with deliberate malice, Defendants have engaged in a pattern of conduct designed to:

- Deprive Plaintiff of his constitutional rights to due process, equal protection, and access to the courts;
- Corrupt judicial proceedings through fabricated filings, knowingly false statements, and character assassination tactics;
- Weaponize Plaintiff's expunged or irrelevant criminal history to influence unrelated civil matters in violation of law and ethical obligations;
- Subvert procedural fairness by filing unauthorized pleadings, evading court deadlines, and misrepresenting court records;

- Commit ongoing fraud upon the court, interfere with the impartial administration of justice, and retaliate against Plaintiff for exercising protected rights.

These violations were not isolated acts — they reflect a calculated strategy of systemic abuse, professional misconduct, and constitutional injury that continues to prejudice Plaintiff's claims and deny him a fair forum.

Accordingly, Plaintiff seeks:

- $400 million in damages — comprised of $100 million each against Defendants Caloia, Burton, Rubinstein, and the Rubinstein Law Firm, PLLC;
- Declaratory and injunctive relief to prevent continued interference in judicial proceedings;
- Sanctions and referrals to the appropriate disciplinary authorities;
- And all other relief to which Plaintiff is justly entitled under law.

This case stands not merely as a private dispute, but as a necessary constitutional intervention — to preserve the integrity of the courts and to hold those who deliberately abuse them fully accountable.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and related federal provisions.
2. Jurisdiction is further proper under 28 U.S.C. § 1343(a)(3)–(4), as this action seeks redress for the deprivation of constitutional rights, privileges, and immunities secured by the U.S. Constitution and federal law, and for injunctive and declaratory relief against ongoing violations of those rights.
3. This Court also has supplemental jurisdiction over related state law claims, including but not limited to fraud, abuse of process, defamation, and civil conspiracy, pursuant to 28 U.S.C. § 1367(a), as those claims arise from a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.
4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1)–(2), because all Defendants either reside in this district or committed the acts complained of herein within its territorial jurisdiction. The events giving rise to the Plaintiff's claims —

including the unlawful filings, fraud upon the court, retaliation, and civil rights violations — all occurred in this district.

5. Plaintiff further invokes the Ex parte Young doctrine as a jurisdictional basis for seeking prospective injunctive relief against any ongoing or imminent constitutional violations committed by individuals acting under color of state law in their official capacities.

## III. PARTIES

4. Plaintiff Christopher Swoope is an individual residing in Wayne County, Michigan, and is the managing principal of multiple business entities that have suffered direct and collateral harm as a result of Defendants' unlawful, coordinated conduct. Plaintiff brings this action pro se, asserting personal constitutional injuries and damages in both his individual and professional capacities, including reputational harm, economic losses, and systemic deprivation of rights guaranteed under federal law.

5. Defendant Rachel Grace Caloia (P87504) is an attorney licensed to practice law in the State of Michigan and, at all times relevant, acted under color of state law and in active concert with judicial officers and court personnel in furtherance of unconstitutional objectives. Caloia is sued in both her individual capacity for acts undertaken with malice and outside the scope of lawful authority, and in her official capacity to the extent she operated in conjunction with public actors within a state-sanctioned process.

6. Defendant Kevin M. Burton (P86626) is a Michigan-licensed attorney who directly participated in the same unconstitutional and fraudulent course of conduct as Caloia, including the filing of false pleadings, procedural manipulation, and the unauthorized use of expunged or irrelevant criminal history to prejudice proceedings. Burton is sued in both his individual and official capacities.

7. Defendant Jan Jeffrey Rubinstein (P57937) is the founding attorney and managing principal of The Rubinstein Law Firm, PLLC, and is directly responsible for authorizing, supervising, and participating in the unlawful actions that give rise to this lawsuit. Rubinstein is sued in his individual capacity for acts committed outside the bounds of legal and ethical practice, and in his official capacity as principal of the firm.

8. Defendant The Rubinstein Law Firm, PLLC is a Michigan professional limited liability company with its principal place of business in the State of Michigan. The firm is legally and ethically responsible for the conduct of its attorneys, including the fraudulent litigation tactics, professional misconduct, and constitutional violations described herein. It is sued for its own institutional liability, and as the employer and supervising entity of Caloia, Burton, and Rubinstein.

9. Defendants John/Jane Does 1–20 are unidentified individuals, including legal staff, administrative personnel, court employees, or private actors who, upon information and belief, acted in concert with the named Defendants to obstruct justice, falsify documents, retaliate against Plaintiff, and commit fraud upon the court. Plaintiff will amend this Complaint to identify these individuals as discovery reveals their identities and precise roles.

## IV. FACTUAL ALLEGATIONS

10. In the underlying state court litigation, D&S Investments LLC v. Christopher Swoope, Defendants Rachel Grace Caloia, Kevin M. Burton, Jan Jeffrey Rubinstein, and The Rubinstein Law Firm, PLLC represented parties Duane Crawford, Stella Murphy, and DNS Investments LLC. This representation extended into related proceedings including Swoope v. Crawford, Case No. 24-017081-CZ, pending before the Wayne County Circuit Court Civil Division.

11. From the inception of their involvement, Defendants engaged in a coordinated and sustained campaign of procedural abuse and constitutional violations. This included the deliberate filing of:

- Over thirty (30) affirmative defenses that were knowingly false, legally deficient, and unsupported by any applicable rule of law;
- Improper character attacks through the repeated invocation of Plaintiff's unrelated and inadmissible criminal background;
- False statements of fact concerning Plaintiff's standing, misrepresenting personal contractual agreements between Plaintiff and their clients;
- Pleadings filed in violation of court rules, specifically while judicial disqualification motions were pending and unresolved, in direct contravention of MCR 2.003(D)(4).

12. Defendants knowingly filed responsive briefs and dispositive pleadings while a properly noticed judicial disqualification motion was pending against the trial court judge. Under Michigan Court Rule 2.003(D)(4), any further substantive action — including the filing of replies, motions for summary disposition, or hearing requests — is barred until resolution of the disqualification motion by the Chief Judge.

13. In open court proceedings and written pleadings, Defendants unlawfully referenced Plaintiff's alleged criminal history, a tactic intended to bias the judiciary, poison the record, and shift focus from the substantive civil claims at issue. These actions violated multiple professional and evidentiary rules, including:

- MRE 403, by introducing evidence with no probative value and high potential for unfair prejudice;
- MRE 404(b), by attempting to establish improper character inferences from unrelated and prejudicial allegations;
- Michigan Rules of Professional Conduct 3.1 and 3.3, by submitting irrelevant, misleading, and frivolous material solely for improper strategic advantage.

14. The intent behind these actions was not to litigate valid claims or defenses but rather to:

- Divert the court's attention from Plaintiff's legitimate claims for breach of contract, defamation, and civil conspiracy;
- Obstruct adjudication of multiple pending motions for sanctions, including those filed under MCR 1.109(E), MCR 2.625(A), and MCL 600.2591;
- Suppress meritorious causes of action by creating judicial confusion and prejudice;
- Impair Plaintiff's right to a fair hearing, and frustrate the enforcement of legal remedies available under state and federal law.

15. Collectively, these acts form a pattern of unlawful conduct encompassing:

- Fraud upon the court, through intentional misrepresentations, deceptive filings, and abuse of judicial process;
- Constitutional violations under 42 U.S.C. § 1983, including deprivation of due process and the right to a fair hearing;
- Civil conspiracy under 42 U.S.C. § 1985(2) and (3), involving coordinated efforts to intimidate, obstruct justice, and injure Plaintiff through concerted misconduct;
- Malicious prosecution and abuse of process, through the manipulation of judicial proceedings to harass and retaliate against Plaintiff;
- Tortious interference with Plaintiff's business relationships, property interests, and ability to vindicate his rights in state court.

## V. CAUSES OF ACTION

**Count I – Violation of Fourteenth Amendment Due Process and Equal Protection (42 U.S.C. § 1983)**

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

Defendants, acting under color of state law and in coordination with private parties, deprived Plaintiff of his constitutional rights under the Fourteenth Amendment, including:

- The right to notice and a meaningful opportunity to be heard;
- The right to a neutral and impartial tribunal;
- The right to be free from arbitrary and discriminatory treatment in judicial proceedings.

Through fraudulent filings, procedural manipulation, character smearing, and filing of prohibited pleadings during pending judicial disqualification proceedings, Defendants ensured Plaintiff's claims were prejudiced, his reputation irreparably harmed, and his access to justice obstructed.

## Count II – Retaliation for Protected Activity (42 U.S.C. § 1983 – First Amendment)

Plaintiff engaged in protected constitutional activity by petitioning the courts, filing valid civil claims, and seeking judicial disqualification based on misconduct.

In retaliation, Defendants:

- Injected personal and irrelevant information into the record to defame and intimidate Plaintiff;
- Filed knowingly false defenses and motions to chill further legal petitioning;
- Used their position as attorneys to influence judicial actors and derail Plaintiff's access to redress.

Such actions constitute retaliation under the First Amendment, actionable through 42 U.S.C. § 1983.

## Count III – Fraud Upon the Court (Federal Common Law)

Defendants engaged in a pattern of fraud upon the court by:

- Submitting knowingly false pleadings and affirmative defenses;
- Falsifying and misrepresenting material facts about service, standing, and judicial timelines;

- Introducing prohibited character evidence designed to bias the tribunal.

These acts interfered with the judicial machinery itself — not just the adversarial process — and warrant relief including vacatur of orders, sanctions, and referral to disciplinary bodies.

## Count IV – Civil Conspiracy to Deprive Civil Rights (42 U.S.C. § 1985(2) & (3))

Defendants conspired amongst themselves — and with others yet to be named — to:

- Intimidate and obstruct Plaintiff's access to the courts;
- Retaliate against Plaintiff for exercising his right to petition;
- Injure Plaintiff in his person, property, and business by unlawful means.

Overt acts in furtherance of the conspiracy include the submission of false documents, misrepresentation of judicial rulings, and filings intended to provoke adverse treatment by the judiciary.

These acts violated 42 U.S.C. § 1985(2) and (3), and are independently actionable under federal law.

## Count V – Malicious Prosecution and Abuse of Process (Federal & State Law)

Defendants misused judicial process for an improper purpose by:

- Filing and maintaining groundless defenses and counterclaims;
- Pursuing claims without probable cause and in bad faith;
- Using court procedures to harass, intimidate, and retaliate against Plaintiff for asserting lawful claims.

Defendants' conduct constitutes both malicious prosecution and abuse of process under Michigan tort law and as an extension of § 1983 due process violations.

## Count VI – State Law Violations (Defamation, Tortious Interference, Professional Misconduct)

In addition to federal violations, Defendants' conduct also gives rise to multiple state-law claims, including:

- Defamation, by making and repeating false statements of fact about Plaintiff's personal and professional conduct;
- Tortious interference, by intentionally disrupting Plaintiff's contractual relations and business operations through fraudulent filings;
- Professional misconduct, including repeated violations of the Michigan Rules of Professional Conduct, specifically MRPC 3.1, 3.3, and 8.4.

These torts were willful, malicious, and part of a broader campaign to inflict reputational, economic, and legal harm upon Plaintiff.

## VI. DAMAGES

As a direct and foreseeable result of Defendants' unlawful conduct — including constitutional violations, fraud upon the court, and intentional torts — Plaintiff Christopher Swoope has suffered extensive, ongoing, and irreparable harm. These injuries include, but are not limited to:

- Loss of business income and professional opportunities due to reputational attacks and litigation interference;
- Severe emotional distress, humiliation, and public defamation;
- Prolonged deprivation of constitutional rights, including the right to a fair hearing and access to the courts;
- Excessive litigation costs, time loss, and professional retaliation caused by baseless and procedurally void filings.

Accordingly, Plaintiff seeks the following compensatory and punitive damages:

## A. Compensatory and Punitive Damages

Plaintiff demands judgment as follows:

- $100 million in damages against Rachel Grace Caloia, for her individual participation in constitutional violations, fraudulent filings, and intentional misuse of legal process.
- $100 million in damages against Kevin M. Burton, for materially aiding and abetting the unlawful conduct, participating in retaliatory and defamatory pleadings, and obstructing justice in coordination with other Defendants.
- $100 million in damages against Jan Jeffrey Rubinstein, for overseeing, directing, and executing a campaign of professional misconduct, fraud, and due process violations as managing attorney.
- $100 million in damages against The Rubinstein Law Firm, PLLC, for its failure to supervise its attorneys, institutionalizing unethical practices, and engaging in systemic misconduct under the color of legal process.
- Punitive damages against each named Defendant in their individual capacity, for willful, malicious, and reckless disregard of Plaintiff's rights. These damages are warranted to punish unlawful behavior and deter future abuse by those in positions of legal authority.

## B. Declaratory, Equitable, and Ancillary Relief

- Vacatur of all court orders that were obtained through fraud, misrepresentation, or in violation of due process, as part of Defendants' coordinated scheme to deprive Plaintiff of lawful adjudication.
- Permanent injunctive relief barring Defendants from engaging in further retaliatory litigation tactics or contacting the Plaintiff directly or indirectly in future court proceedings.
- Declaratory relief affirming that the conduct of the Defendants violated clearly established constitutional and legal rights under federal law.

## C. Attorneys' Fees and Costs

- Plaintiff seeks an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other applicable statutory provision, based on the egregious nature of the violations and the vindication of significant constitutional rights. This if plaintiff reserves council to aid him in this litigation.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff Christopher Swoope, appearing In Pro Per, respectfully demands that this Honorable Court enter judgment in his favor and award the following relief against Defendants Rachel Grace Caloia, Kevin M. Burton, Jan Jeffrey Rubinstein, and The Rubinstein Law Firm, PLLC:

1. Issue a declaratory judgment that Defendants, acting under color of law and in concert with one another, violated Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution, as well as federal statutes including 42 U.S.C. §§ 1983 and 1985;
2. Award $400 million in total compensatory and punitive damages, apportioned as follows:
   o $100 million against Defendant Caloia;
   o $100 million against Defendant Burton;
   o $100 million against Defendant Rubinstein;
   o $100 million against The Rubinstein Law Firm, PLLC;
3. Enter permanent injunctive relief restraining Defendants from:
   o Engaging in further retaliation, harassment, or unethical litigation against Plaintiff;
   o Filing or initiating any further pleadings in matters related to this action without prior court approval;
   o Disseminating or weaponizing any references to Plaintiff's sealed, irrelevant, or non-adjudicated criminal history;
4. Vacate all prior state court orders and rulings procured through Defendants' fraud, misrepresentations, or violations of Plaintiff's procedural due process rights;
5. Refer all Defendants — including the named attorneys and their law firm — to the Michigan Attorney Grievance Commission, for investigation of professional misconduct, ethical violations under MRPC 3.1, 3.3, and 8.4, and conduct constituting fraud upon the court;
6. Award all litigation expenses, including:
   o Reasonable attorney's fees (where applicable);
   o Costs of filing, research, service, and document preparation;
   o Pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961;
7. Grant such other and further relief — including equitable, injunctive, declaratory, or monetary remedies — as this Court may deem just, necessary, and appropriate to fully redress the harm inflicted upon Plaintiff.

This section ensures that all categories of relief are on the table: declaratory, compensatory, punitive, injunctive, equitable, and disciplinary. Let me know when you're ready to move to:

- VIII. Jury Demand
- IX. Signature Block

- X. Exhibit Index and Labels

## CONCLUSION

This action arises not from mere litigation misconduct — but from a deliberate, coordinated, and systemic abuse of the judicial process, carried out by licensed attorneys under color of law, with the intent to obstruct justice, defame the Plaintiff, and suppress legitimate claims.

Defendants Rachel Grace Caloia, Kevin M. Burton, Jan Jeffrey Rubinstein, and The Rubinstein Law Firm, PLLC have repeatedly violated the fundamental guarantees of the Constitution, weaponized fraudulent filings to sabotage Plaintiff's access to the courts, and engaged in unethical conduct designed to derail legitimate legal proceedings.

They have polluted the state judicial process with knowingly false affirmative defenses, character attacks barred by evidentiary rules, and filings submitted during periods when court rules prohibited any further action — all to insulate themselves and their clients from accountability.

The United States District Court has both the jurisdiction and the constitutional duty to stop this abuse, redress the harm, and protect the integrity of the judicial system from further manipulation by those sworn to uphold it.

Plaintiff respectfully asks this Court to act decisively — to send the unambiguous message that no one, not even attorneys, is above the law when they commit fraud upon the court, violate civil rights, and erode the public's trust in the legal system.

Let justice be done.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

**Respectfully Submitted,**

**/s/ Christopher Swoope**

**In Pro Per**

**20501 Livernois Ave.**

**P.O. Box 21084**

**Detroit, MI 48221**

**allstandardscounterfolis@gmail.com**

**Dated: September 17, 2025**

## VERIFICATION

I, Christopher Swoope, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint, including all factual statements therein, is true and correct to the best of my knowledge, information, and belief.

**Executed on September 17, 2025.**

**/s/ Christopher Swoope**

**Christopher Swoope, Plaintiff**

**In Pro Per**

Exhibits

STATE OF MICHIGAN

3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE

CIVIL DIVISION

Case No. 24-017081-CZ

Hon. Muriel Hughes

CHRISTOPHER SWOOPE,

REAL ESTATE BEYOND ALL STANDARDS, LLC,

SWOOPES PREEMINENT PROPERTIES, LLC,

BEYOND ALL STANDARDS CONSTRUCTION CO., LLC,

Plaintiffs,

v.

DUANE CRAWFORD,

DNS INVESTMENTS, LLC,

STELLA MURPHY CRAWFORD,

Defendants.

## MOTION FOR SANCTIONS

### UNDER MCR 1.109(E), MCR 2.625(A), MCL 600.2591, AND CONTROLLING CASE LAW

NOW COMES Plaintiff, Christopher Swoope, in propria persona, and pursuant to Michigan Court Rules 1.109(E), 2.625(A), MCL 600.2591, and controlling case law including Fieger v. Cox, Sullivan v. Thomas Org., and Cain v. Dept. of Corrections, respectfully moves this Honorable Court to impose maximum sanctions against both:

- The Rubinstein Law Firm and its attorneys, and
- Defendants Duane Crawford, DNS Investments, LLC, and Stella Murphy Crawford,

Page 1 of 4

for their coordinated campaign of fraud upon the court, willful abuse of process, and procedural misconduct in direct violation of governing law and this Court's orders.

## I. PATTERN OF VIOLATIONS AND BAD-FAITH LITIGATION

Defendants and their attorneys have engaged in repeated misconduct, including but not limited to:

- Filing a Motion for Summary Disposition during the pendency of a judicial disqualification motion in direct violation of MCR 2.003(D)(4) and the Court's July 17, 2025 adjournment order;
- Repeatedly referencing inadmissible and prejudicial character evidence in violation of MRE 403 and MRE 404(b);
- Knowingly misrepresenting Plaintiff's legal standing and pro se rights, despite judicial acknowledgment, verified pleadings, and public court records;
- Relying on affirmative defenses that are legally deficient, factually unsupported, and currently subject to a pending Motion to Strike under MCR 2.111(F)(3);
- Attempting to coordinate dispositive proceedings via improper email communications, in violation of basic procedural rules;
- Submitting filings that are knowingly false, frivolous, and procedurally abusive.

## II. JOINT SANCTION LIABILITY FOR ATTORNEYS AND CLIENTS

Under MCR 1.109(E)(6), MCR 2.625(A), and MCL 600.2591, this Court is authorized to impose sanctions on both attorneys and parties when they participate in or benefit from litigation abuse.

Here, the Defendants have:

- Personally endorsed and ratified false claims;
- Filed retaliatory external complaints against Plaintiff;
- Benefited from the resulting delay, confusion, and prejudice to Plaintiff's case;
- Refused to withdraw or correct known falsehoods.

Their attorneys have:

- Filed legally unsupported and procedurally improper materials;
- Violated multiple sections of the Michigan Rules of Professional Conduct, including MRPC 3.1 (meritorious claims and contentions), 3.3 (candor toward the tribunal), and 8.4 (professional misconduct);
- Misused the court process while failing to uphold their duty of truthfulness and respect for judicial orders.

See Fieger v. Cox, 274 Mich App 449 (2007)
See also Sullivan v. Thomas Org., 200 Mich App 401 (1993)

## III. RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

1. Monetary Sanctions:
   o $10,000 against The Rubinstein Law Firm and its attorneys, jointly and severally;
   o $15,000 against Duane Crawford, DNS Investments, LLC, and Stella Murphy Crawford, jointly and severally;
2. An Order Striking the August 6, 2025 Motion for Summary Disposition in its entirety;
3. A Protective Order barring any future filings that:
   o Misstate Plaintiff's standing or right to appear in propria persona;
   o Include any reference to Plaintiff's alleged criminal record or any character evidence prohibited under MRE 403 and MRE 404(b);
4. Referral of The Rubinstein Law Firm and attorneys to the Michigan Attorney Grievance Commission for misconduct under MRPC 3.3, 3.1, and 8.4;
5. Referral of Defendants for sanctions under MCL 600.2591 for filing and supporting pleadings lacking in legal merit and designed to harass and delay;
6. Any additional relief this Court deems just and necessary to restore fairness, deter abuse, and protect the judicial process.

## IV. CONCLUSION

The facts in this record are undisputed. The conduct of the Defendants and their counsel is not excusable error — it is intentional, strategic, and unlawful. It obstructs justice, violates core court rules, and threatens the credibility of this Court.

Justice requires action. The truth requires enforcement. This abuse ends here.

For all of the reasons outlined above, Plaintiff respectfully requests that this Court grant the full scope of sanctions and relief as requested.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Dated: July 7, 2025

Respectfully submitted,

**/s/ Christopher Swoope**

**Christopher Swoope**

**In Pro Per**

**20501 Livernois Ave.**

**PO Box 21084**

**Detroit, MI 48221**

**STATE OF MICHIGAN**
**3rd CIRCUIT COURT COUNTY OF WAYNE**
**CIVIL DIVISION**

Case No. 24-017081-CZ
Hon: Muriel Hughes

CHRISTOPHER SWOOPE,
BEYOND ALL STANDARDS CONSTRUCTION Co., LLC
REAL ESTATE BEYOND ALL STANDARDS, LLC,
SWOOPES PREEMINENT PROPERTIES, LLC
Plaintiffs

- VS –

DUANE CRAWFORD,
DNS INVESTMENTS, LLC,
STELLA MURPHY CRAWFORD,
Defendants.

**CHRISTOPHER SWOOPE VERIFIED MOTION FOR SANCTIONS AGAINST JAN JEFFREY RUBINSTEIN AND THE RUBINSTEIN LAW FIRM UNDER MCR 1.109(E), MCR 2.111(F)(3), MRE 404, 608, and 609, ARTICLE I, §17 OF THE MICHIGAN CONSTITUTION, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR IMPROPER SUBMISSION OF CRIMINAL HISTORY, RETALIATORY PERSONAL ATTACKS, FRIVOLOUS AFFIRMATIVE DEFENSES, AND LITIGATION ABUSE**

NOW COMES Plaintiff, CHRISTOPHER SWOOPES, appearing In Pro Per, and pursuant to MCR 1.109(E), Article I, §17 of the Michigan Constitution, and the Fourteenth Amendment to the United States Constitution, hereby moves this Honorable Court to impose sanctions against Defendants' counsel, Jan Jeffrey Rubinstein and The Rubinstein Law Firm, for engaging in a deliberate, repeated, and unlawful pattern of litigation misconduct that violates fundamental rules of procedure, ethics, and constitutional fairness.

This motion arises from clear acts of bad faith and intentional abuse of legal process, including:

- Injecting Plaintiff's prior criminal history into the record of a civil property and contract dispute, where such information has no legal, factual, or evidentiary relevance;
- Making inflammatory and prejudicial statements about Plaintiff's character in open court, during a hearing specifically convened to address judicial bias, thereby undermining the integrity of those proceedings;
- Filing facially deficient and frivolous affirmative defenses, in direct violation of MCR 2.111(F)(3), for the improper purpose of delay, confusion, and retaliation;

Page 1 of 13

- And targeting Plaintiff for harassment and character assassination in direct response to Plaintiff's lawful exercise of his rights under court rules and constitutional protections—including his filing of a Motion for Security for Costs, a Verified Motion to Disqualify the Presiding Judge, and a Verified Emergency Motion for Sanctions based on fraud and witness tampering.

These actions were not the result of mistake or overzealous advocacy—they were intentional, coordinated, and unethical attacks designed to intimidate, discredit, and retaliate against a self-represented litigant who dared to hold Defendants accountable.

This Court must not tolerate such tactics. The Michigan Court Rules and the Constitution demand equality before the law—not litigation by ambush, defamation, or retaliatory harassment.

Accordingly, Plaintiff seeks the full measure of sanctions authorized by law, including monetary penalties, protective orders, evidentiary striking, and referral to the Attorney Grievance Commission.

## I. LEGAL STANDARDS FOR SANCTIONS

## A.

## Mandatory Enforcement Under MCR 1.109(D) and MCR 1.109(E)

The Michigan Court Rules establish a clear and enforceable standard governing the ethical and lawful conduct of attorneys. MCR 1.109(D)(3) imposes a legal duty on every attorney who signs a court filing to certify that the document:

"...is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Page 2 of 13

This provision is not aspirational—it is enforceable. It imposes an affirmative duty on the filing attorney to ensure that their submissions are factually accurate, legally sound, and free from improper or harassing intent.

In addition, MCR 1.109(E) provides:

"If a document is signed in violation of this rule, the court shall impose upon the person who signed it, a represented party, or both, an appropriate sanction... which may include an order to pay... the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees."

This rule is not discretionary. The use of the word "shall" makes the imposition of sanctions mandatory when a violation is found. The Rule obligates the Court to act when presented with:

- Documents filed in bad faith;
- Filings intended to harass or intimidate;
- Submissions not grounded in law or fact;
- Or pleadings that are part of an abusive or retaliatory litigation strategy.

This authority exists not merely to punish improper conduct—but to preserve the integrity of the judiciary, deter misconduct, and protect all litigants, especially those appearing in pro per, from being weaponized against by attorneys who knowingly defy legal and ethical boundaries.

Defendants' counsel has violated both the letter and the spirit of these rules. The record is clear—and under MCR 1.109, this Court must respond.

## II. FACTUAL BASIS FOR SANCTIONS

1.

## Improper Filing of Criminal History Without Foundation (June 10, 2025)

On June 10, 2025, Defendants' counsel filed Exhibit D in connection with their motion for sanctions—a document purporting to summarize Plaintiff's alleged criminal history. This filing was made:

- Without any motion in limine or evidentiary request for admission;
- Without authentication or certification, violating foundational requirements of MRE 901;
- Without any supporting argument under MRE 404, 608, or 609, the only rules under which such material might be considered in a civil proceeding.

This exhibit was completely irrelevant to the motion at issue, which concerned alleged procedural conduct and not Plaintiff's credibility, background, or character. It was submitted recklessly, without factual or legal foundation, and with clear prejudicial intent.

## 2.

## Inflammatory Courtroom Statement Meant to Prejudice the Court (June 13, 2025)

During the hearing on Plaintiff's Verified Motion to Disqualify Judge Hughes, Attorney Jan Jeffrey Rubinstein stated the following in open court:

"Mr. Swoope has a lengthy criminal history, much of it involving theft or dishonesty. I'd like to ask about those..."

This statement was made:

- During a judicial disqualification hearing—a proceeding strictly limited to analysis of judicial conduct and impartiality;
- Without evidentiary foundation or relevance;
- In front of the very judge whose impartiality was under challenge, demonstrating both tactical manipulation and retaliatory motive.

This was not advocacy. It was a prejudicial smear, aimed at poisoning the Court's perception of a pro se litigant while avoiding any legal rebuttal of Plaintiff's actual arguments.

## 3.

## Plaintiff's Character and Criminal History Were Never Placed at Issue

At no point did Plaintiff raise his own character, background, or credibility in the Verified Amended Complaint. Plaintiff's claims for emotional distress, reputational harm, and punitive damages are based solely on Defendants' own conduct—including slander, harassment, and retaliatory litigation—not on any assertion about Plaintiff's good character or past.

Accordingly, Defendants had no legal basis whatsoever to raise Plaintiff's criminal history under the Michigan Rules of Evidence. Specifically:

- MRE 404(a) prohibits introduction of character evidence to prove conduct;
- MRE 608 applies only to impeachment of a testifying witness's credibility, which did not occur here;
- MRE 609 limits use of prior convictions and requires specific foundational procedures— none of which were followed or even attempted by Defendants.

## 4.

## Retaliation for Plaintiff's Exercise of Legal Rights

The timing of this conduct is not coincidental. The introduction of this prejudicial material came immediately after Plaintiff lawfully filed the following:

- A Motion for Security for Costs under MCR 2.109(A);
- A Verified Motion to Disqualify Judge Hughes under MCR 2.003(C)(1);
- A Verified Emergency Motion for Sanctions, citing fraud upon the court and witness tampering.

These motions were legally sound, timely, and supported by factual exhibits. Instead of responding to the merits of those filings, Defendants' counsel sought to intimidate, discredit, and retaliate against Plaintiff by injecting irrelevant, stigmatizing material into the record—a tactic that constitutes classic litigation retaliation and is sanctionable under both court rules and constitutional principles.

## III. VIOLATION OF RIGHTS AND MICHIGAN LAW

### 1.

### Due Process and Equal Protection Violations

The conduct of Defendants and their counsel constitutes a direct violation of Plaintiff's constitutional and statutory rights. Specifically, their actions infringe upon:

- The Fourteenth Amendment to the United States Constitution, which guarantees all litigants the right to due process, equal protection under the law, and a fair and impartial hearing free from extrajudicial bias and prejudicial material;
- Article I, §17 of the Michigan Constitution, which reinforces those guarantees under state law and prohibits arbitrary, retaliatory treatment of any person before a tribunal;
- MCR 1.109(D) and MCR 1.109(E), which prohibit the filing or use of materials that are unfounded in law or fact, or submitted for improper purposes including harassment or delay;
- MCL 600.2911(7), which establishes that a party may recover exemplary damages for defamatory or reputation-damaging conduct made with actual malice or reckless disregard for the truth;
- MCL 445.903(1) of the Michigan Consumer Protection Act, which prohibits deceptive and unfair practices, including retaliatory conduct in the course of asserting contractual or commercial rights.

The use of Plaintiff's criminal history—irrelevant, unauthenticated, and introduced without any legal foundation—is not just improper: it is unconstitutional. This was not protected legal argumentation, but a weaponization of stigma aimed to silence and discredit a pro se litigant. No less than the core protections of due process were violated when Defendants' counsel shifted the Court's attention from legal issues to baseless character assassination.

**2.**

## Controlling Case Law – Tucker v. Powell

Defendants' actions are virtually identical to those condemned in Tucker v. Powell, unpublished per curiam opinion of the Michigan Court of Appeals, issued December 20, 2016 (Docket No. 327284). In that case, the Court of Appeals ruled:

"It was an abuse of discretion for the trial court to rely on Plaintiff's past criminal record as part of its reasoning, where that record was not relevant to any claim or issue properly before the court."

In Tucker, just as in this case, the opposing party improperly referenced a litigant's past criminal background in an effort to bias the judge and derail a civil dispute on extraneous grounds. The Court of Appeals held that such conduct was not only irrelevant but prejudicial and impermissible—and that reliance on that material, even implicitly, constituted reversible error.

Here, the conduct is even more egregious:

- The reference to criminal history occurred during a judicial disqualification hearing—a proceeding in which neutrality and adherence to procedural safeguards is paramount;
- The criminal record was neither authenticated nor admitted into evidence;
- Defendants made no evidentiary offer or notice under MRE 404(b), 608, or 609;
- The statements were made solely to retaliate against Plaintiff for asserting his procedural rights, including the right to seek disqualification of a biased judicial officer.

This is textbook misconduct under the Tucker standard. The Court of Appeals could not have been more clear: prejudicial use of irrelevant criminal history in a civil matter is a legal error and sanctionable misconduct. That standard must be applied here.

## IV. PATTERN OF BAD FAITH LITIGATION

The conduct by Defendants' counsel is not an isolated lapse in judgment—it represents a sustained and escalating pattern of intentional misconduct, procedural abuse, and retaliatory obstruction aimed squarely at undermining Plaintiff's legal standing and access to justice. This pattern demands not only remedial action but judicial condemnation.

## A. Improper Affirmative Defenses in Violation of MCR 2.111(F)(3)

Defendants knowingly submitted affirmative defenses that were facially invalid, legally deficient, and wholly unsupported by factual allegations. These defenses:

- Violated MCR 2.111(F)(3), which mandates that affirmative defenses must be pleaded with sufficient specificity to give fair notice of their legal and factual basis;
- Lacked any evidentiary or factual foundation, instead parroting generic boilerplate phrases commonly used to delay litigation;
- Served no legitimate purpose other than to inflate the pleadings, frustrate judicial economy, and obfuscate the core issues at the heart of this civil dispute;
- Survived judicial scrutiny despite clear binding precedent requiring sua sponte dismissal of such defective affirmative defenses—even in the absence of Plaintiff's appearance.

As held in Stanke v. State Farm Mut Auto Ins Co, 200 Mich App 307, 312 (1993):

"Affirmative defenses that are conclusory, unsupported by fact, or vague in nature should be stricken."

The Michigan Court of Appeals has explicitly held that trial courts must not tolerate generic, unsupported defenses, as they impede the truth-seeking function of the judicial process and unduly burden the party seeking redress. Here, the failure to strike these defenses enabled Defendants to exploit procedural gaps and delay adjudication through sheer volume and legal fiction.

The filing of such defenses—without facts, without law, and without merit—is itself a sanctionable abuse under MCR 1.109(E).

Page 8 of 13

## B. Ethical Violations – Michigan Rules of Professional Conduct

The conduct of Jan Jeffrey Rubinstein and The Rubinstein Law Firm also constitutes multiple, clear-cut violations of the Michigan Rules of Professional Conduct, each of which independently supports a finding of bad faith and unethical behavior:

- MRPC 3.4(a) – Prohibits attorneys from "allud[ing] to any matter that will not be supported by admissible evidence." The reference to inadmissible criminal history—both in pleadings and oral argument—directly violates this rule.
- MRPC 4.4(a) – Forbids conduct by an attorney that "has no substantial purpose other than to embarrass, delay, or burden a third person." The inclusion of irrelevant and stigmatizing personal history, particularly against a pro se litigant, is exactly the kind of conduct this rule seeks to deter.
- MRPC 8.4(b)-(d) – Prohibit conduct involving dishonesty, fraud, deceit, misrepresentation, or conduct that is "prejudicial to the administration of justice." By submitting falsehoods, mischaracterizing the procedural record, and retaliating against protected filings, Defendants' counsel has crossed every one of these ethical boundaries.

These were not technical violations—they were deliberate attempts to skew the court's perception of Plaintiff, obstruct lawful filings, and derail the fair resolution of this case.

## V. RELIEF REQUESTED

Pursuant to MCR 1.109(E), the Michigan Rules of Professional Conduct, and this Court's inherent authority to regulate attorney conduct and protect the dignity of the judicial process, Plaintiff respectfully but firmly demands the following relief to redress and deter the deliberate misconduct of Defendants' counsel:

1.

## Monetary Sanctions – $15,000 Total ($5,000 Per Violation)

Plaintiff requests monetary sanctions totaling $15,000, assessed at $5,000 per violation, against Attorney Jan Jeffrey Rubinstein and The Rubinstein Law Firm, jointly and severally, for the following distinct, willful acts of misconduct:

- Violation 1 – Filing of an unauthenticated, inadmissible, and prejudicial criminal history document on June 10, 2025, in direct violation of MCR 1.109(D)-(E) and the Michigan Rules of Evidence.
- Violation 2 – Making retaliatory and inflammatory remarks in open court during a judicial disqualification hearing on June 13, 2025, in direct violation of ethical standards and due process guarantees.
- Violation 3 – Knowingly submitting frivolous and facially defective affirmative defenses, in violation of MCR 2.111(F)(3), with no factual support and no legal justification, solely to delay, confuse, and obstruct proceedings.

Each act constitutes an independent breach of legal and ethical standards and warrants separate monetary sanctions. The Court is mandated under MCR 1.109(E) to impose "an appropriate sanction" when these violations occur. In the interests of justice and deterrence, the imposition of these sanctions is not optional—it is required.

## 2.

## Protective Order Against Future Improper Use of Criminal History

Plaintiff seeks a standing protective order to bar Defendants and their attorneys from making any future reference to Plaintiff's past, present, or alleged criminal history in any pleading, hearing, or proceeding unless:

- Prior written leave of the Court is granted, and
- A formal legal foundation is provided, including written analysis demonstrating relevance and admissibility under MRE 404, 608, or 609, with proper authentication.

This relief is necessary to prevent further misuse of irrelevant and prejudicial material to poison the judicial process and inflict personal harm on a self-represented litigant.

## 3.

## Striking of Prejudicial and Improper Material from the Record

Plaintiff respectfully demands that this Court order the immediate striking and disregard of the following from the record:

- Exhibit D, attached to Defendants' June 10, 2025 motion, purporting to be a criminal history report with no evidentiary foundation or admissibility;
- All statements made in open court on June 13, 2025 by Mr. Rubinstein that referenced Plaintiff's criminal background, specifically:

"Mr. Swoope has a lengthy criminal history, much of it involving theft or dishonesty. I'd like to ask about those..."

This material is inflammatory, irrelevant, and was introduced in bad faith—not for any legal purpose, but to shame, retaliate, and undermine.

## 4.

## Referral to the Michigan Attorney Grievance Commission

Given the severity and pattern of misconduct, Plaintiff requests a formal referral of Jan Jeffrey Rubinstein and The Rubinstein Law Firm to the Michigan Attorney Grievance Commission for violations of:

- MRPC 3.4(a) – Alluding to inadmissible and irrelevant matters before the tribunal;
- MRPC 4.4(a) – Engaging in tactics meant solely to embarrass, burden, or retaliate against a party;
- MRPC 8.4(b), (c), and (d) – Engaging in conduct involving dishonesty, misrepresentation, and actions prejudicial to the administration of justice.

The Court has an independent duty to report unethical conduct where it threatens the integrity of the legal system.

## 5.

## Additional Sanctions for Improper Affirmative Defenses

In addition to the misconduct surrounding criminal history, Plaintiff requests a separate award of monetary sanctions for the deliberate filing of frivolous affirmative defenses that:

- Violated MCR 2.111(F)(3) by failing to provide any factual or legal basis;
- Were used as a tactical weapon to delay proceedings and force unnecessary motion practice;
- Required Plaintiff to expend resources to respond, including a Motion to Strike.

These defenses were not only improper—they were calculated to obstruct the case and manipulate court procedure.

## 6.

## Further Equitable Relief

Plaintiff respectfully requests any further relief this Court deems just, equitable, and necessary to:

- Protect the due process rights of a self-represented Plaintiff;
- Uphold the dignity and impartiality of these proceedings;
- Prevent future retaliatory conduct by Defendants' counsel.

This includes, but is not limited to, enhanced judicial monitoring, expedited hearings on future motions, or court-issued warnings to defense counsel regarding further violations.

## CONCLUSION

This is not advocacy — this is calculated litigation abuse. The actions of Defendants' counsel were not accidental, incidental, or legally supported. They were targeted acts of retaliation, designed to embarrass, intimidate, and prejudice a self-represented Plaintiff for exercising his constitutional and procedural rights.

These are not isolated missteps. They reflect a deliberate campaign of misconduct — from the filing of facially defective affirmative defenses, to the introduction of inadmissible and irrelevant personal attacks, to the improper weaponization of the courtroom itself. This conduct goes beyond zealous representation; it is an affront to due process, to the ethical obligations of attorneys, and to the foundations of justice in this Court.

As a pro se litigant, I have met every burden, complied with every rule, and exercised every right afforded to me under Michigan law and the United States Constitution. I do not seek preferential treatment. I seek equal treatment under the law. And I demand that counsel be held to the same standard of accountability that I am expected to uphold.

This Court possesses both the inherent authority and the affirmative duty under MCR 1.109(E), the Michigan Rules of Professional Conduct, and binding precedent to protect the integrity of its proceedings. Failure to address these violations risks not only injustice in this case — but erosion of public trust in the judiciary.

**Respectfully Submitted,**

**/s/ Christopher Swoopes**

**20501 Livernois Ave.,**

**P.O. Box 21084**

**Detroit, MI 48221**

**Dated: June 18, 2025**

Page 13 of 13

# STATE OF MICHIGAN

## I3rd CIRCUIT COURT COUNTY OF WAYNE

## CIVIL DIVISION

Case No. 24-017081-CZ

Hon: Muriel Hughes

CHRISTOPHER SWOOPE,

BEYOND ALL STANDARDS CONSTRUCTION Co., LLC,

REAL ESTATE BEYOND ALL STANDARDS, LLC,

SWOOPES PREEMINENT PROPERTIES, LLC

Plaintiffs

- V S -

DUANE CRAWFORD,

DNS INVESTMENTS, LLC,

STELLA MURPHY CRAWFORD,

Defendants.

## CHRISTOPHER SWOOPES' VERIFIED MOTION FOR SANCTIONS UNDER MCR 1.109(E) PURSUANT TO MCR 1.109(E), DUE PROCESS, AND ETHICAL RULES OF PRACTICE FOR IMPROPER SUBMISSION OF CRIMINAL HISTORY RECORDS AND RETALIATORY PERSONAL ATTACKS

PURSUANT TO MCR 1.109(E), DUE PROCESS, AND ETHICAL RULES OF PRACTICE

NOW COMES Plaintiff, CHRISTOPHER SWOOPES, appearing In Pro Per, and pursuant to MCR 1.109(E), Article I, §17 of the Michigan Constitution, and the Fourteenth Amendment of

Page 1 of 14

the U.S. Constitution, respectfully moves this Honorable Court to impose sanctions against Defendants' counsel, Jan Jeffrey Rubinstein and The Rubinstein Law Firm, for deliberately and maliciously introducing irrelevant, prejudicial, and constitutionally impermissible personal information into these civil proceedings.

Specifically, Defendants' counsel improperly submitted and publicly referenced Plaintiff's criminal history—a matter wholly unrelated to any pending claim, defense, or evidentiary issue—in direct violation of:

- MCR 1.109(D)(3) (requiring filings be well-grounded, non-harassing, and legally warranted);
- MCR 1.109(E) (mandating sanctions for violations);
- MRE 404, 608, and 609 (barring improper character evidence);
- Michigan Rules of Professional Conduct, including Rule 3.4 and Rule 4.4 (prohibiting use of legal process to harass or burden another party); and
- Constitutional guarantees of due process and fair adjudication.

This misconduct was not incidental or accidental—it was a calculated retaliatory act targeting Plaintiff's constitutional and procedural right to seek redress from the Court. These personal attacks occurred in direct response to Plaintiff's exercise of protected litigation rights, including:

- Plaintiff's Motion for Security for Costs, under MCR 2.109(A);
- Plaintiff's Verified Motion to Disqualify the Honorable Judge Muriel Hughes for demonstrated bias and unequal treatment; and
- Plaintiff's Verified Emergency Motion for Sanctions for fraud upon the court, misrepresentation of fact, and witness tampering by Defendants.

Rather than rebutting Plaintiff's motions on their legal merits, Defendants' attorney sought to poison the Court's perception by invoking Plaintiff's past—during a judicial disqualification hearing, no less—without legal relevance, foundation, or procedural justification. This type of inflammatory tactic is precisely the kind of behavior that MCR 1.109(E) and the Michigan Code of Judicial Conduct are designed to punish and deter.

Plaintiff now brings this Verified Motion seeking:

- A formal sanction under MCR 1.109(E);
- A protective order barring future use or mention of criminal history unless explicitly authorized by this Court and supported by admissible, relevant legal grounds;

Page 2 of 14

- An order striking any such improper references from the record; and
- Any further relief the Court deems just and necessary, including referral to Grievance Commission for review of potential ethical violations.

In support of this Motion, Plaintiff states as follows:

## I. LEGAL BASIS FOR SANCTIONS

## A. Michigan Court Rule 1.109(D) – Certification of Filings

Under MCR 1.109(D)(3):

"The signature of an attorney or party... constitutes a certification by the signer that (i) he or she has read the document; (ii) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law; and (iii) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

## B. Mandatory Sanctions under MCR 1.109(E)

Under MCR 1.109(E):

"If a document is signed in violation of this rule, the court... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay... the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees."

This Rule is not discretionary. The language is mandatory: "shall impose… an appropriate sanction."

## C. Clear Violations by Defendants' Counsel

Defense counsel, Jan Jeffrey Rubinstein, violated these rules in two distinct, sanctionable ways:

1. Filing an Irrelevant, Unauthenticated Criminal History Document

   On June 10, 2025, Defendants filed an exhibit purporting to reflect Plaintiff's prior criminal record in response to Plaintiff's Motion for Security for Costs. This filing:

   - Lacked authentication or evidentiary foundation;
   - Was completely unrelated to the motion at issue, which concerned Defendants' financial obligations, not Plaintiff's background;
   - Was submitted without any motion in limine, evidentiary notice, or lawful justification under the Michigan Rules of Evidence.

2. Making a Prejudicial and Retaliatory Statement in Open Court

   On June 13, 2025, during a judicial disqualification hearing—not a trial or evidentiary proceeding—counsel for Defendants stated publicly:

   > "Mr. Swoope has a lengthy criminal history, much of it involving theft or dishonesty. I'd like to ask about those…"

   This comment was made while arguing against Plaintiff's motion to disqualify the presiding judge, with the clear intent of:

   - Inflaming the judge's perception of Plaintiff's character;
   - Retaliating against Plaintiff's protected legal filings; and
   - Deflecting from the legal issues properly before the Court.

## D. No Relevance Under Michigan Rules of Evidence

There is no legal basis under MRE 404, 608, or 609 to admit or reference Plaintiff's past criminal history in this case. Plaintiff has not placed character or credibility at issue, and Defendants have made no evidentiary showing or argument for admissibility.

- MRE 404(a) prohibits use of character evidence to prove conduct.
- MRE 608 governs impeachment of a witness's credibility but is limited to testimony and proper foundation.
- MRE 609 permits very narrow admission of prior convictions, only under stringent conditions not even remotely satisfied here.

## E. Intent to Harass, Shame, and Retaliate

Rather than responding to merits of Plaintiff's motions, Defendants' counsel has resorted to smear tactics and personal attacks. This is precisely the type of litigation misconduct that the Michigan Court Rules were enacted to prevent and punish.

- The only apparent purpose for raising Plaintiff's record was to undermine his credibility, embarrass him, and retaliate for having exercised his legal rights to file:
  - A Motion to Disqualify the Judge;
  - A Motion for Security for Costs;
  - A Verified Emergency Motion for Sanctions.

These filings were procedurally proper, grounded in law, and filed in good faith. The response from Defendants' counsel was neither.

## II. FACTUAL GROUNDS FOR THIS MOTION

1. Improper Filing of Unauthenticated Criminal History (June 10, 2025)

   On June 10, 2025, Defendants and their counsel willfully filed an unauthenticated and irrelevant criminal background report, labeled as Exhibit D, in support of their motion for sanctions against Plaintiff. This exhibit was:

   - Not accompanied by any legal motion for admissibility;
   - Submitted without authentication or foundational proof;
   - Irrelevant to the motion at hand, which addressed alleged procedural conduct— not Plaintiff's past, character, or credibility.

2. Inflammatory, Prejudicial Statements Made in Open Court (June 13, 2025)

During the June 13, 2025 hearing on Plaintiff's Motion to Disqualify Judge Hughes, attorney Jan Jeffrey Rubinstein made the following unprovoked and prejudicial statements on the record in open court:

> "Mr. Swoope has a lengthy criminal history, much of it involving theft or dishonesty..."

> "I'd like to ask about those."

These statements had zero relevance to the disqualification motion and served no evidentiary function. The hearing did not involve witness testimony, did not concern Plaintiff's credibility, and did not involve any substantive trial issue to which character might attach. This was a blatant and strategic personal attack intended to taint the Court's perception of Plaintiff during a critical hearing.

3.  Plaintiff's Character and Background Are Not at Issue—Defendants' Misconduct Is

Plaintiff's Amended Complaint, filed on December 2, 2024, asserts claims of:

- o   Defamation,
- o   Emotional Distress,
- o   Reputational Harm, and
- o   Punitive Damages,

including a specific prayer for $500,000 in emotional distress damages.

However, these claims arise from the conduct of Defendants—not from any alleged criminal history or credibility issue concerning Plaintiff. Plaintiff has never placed his character or prior record at issue under Michigan Rules of Evidence. The proper legal inquiry is whether Defendants' statements and actions caused harm—not whether Plaintiff has a past.

4.  No Evidentiary Notice, No Legal Foundation, No Relevance Under Michigan Law

Defense counsel made no motion in limine, provided no MRE 404(b), 608, or 609 notice, and cited no legal basis for introducing criminal history—either in filings or at hearing. This constitutes a clear procedural violation under:

- o   MRE 401–403 (relevance and prejudice),
- o   MRE 404(a) (character evidence inadmissibility),
- o   MRE 608 (restrictions on attacking credibility), and
- o   MRE 609 (strict limits on prior conviction use).

The law requires a threshold foundation before any such information may be introduced. Defense counsel ignored all such requirements and proceeded in a manner that was legally baseless and intentionally harmful.

5.  The Timing and Pattern Prove Retaliation and Bad Faith

Defendants' misconduct occurred immediately after Plaintiff lawfully exercised his procedural rights, including filing:

- o   A Motion for Security for Costs under MCR 2.109(A),
- o   A Verified Motion to Disqualify Judge Hughes, and
- o   A Verified Emergency Motion for Sanctions based on fraud and witness tampering.

The sequence of events shows clear retaliatory motive and a deliberate attempt to:

- o   Discredit Plaintiff in the eyes of the Court,
- o   Distract from Defendants' own misconduct, and
- o   Punish Plaintiff for asserting his rights as a pro se litigant.

This conduct fits squarely within the type of abusive litigation tactics that MCR 1.109(E) and constitutional principles are designed to prohibit.

## III. VIOLATION OF CONSTITUTIONAL RIGHTS & MICHIGAN LAW

Defendants and their attorney violated my constitutional rights, Michigan statutory protections, and binding court rules through their unlawful and retaliatory use of my criminal history in these proceedings.

## 1. Constitutional Due Process Violations

Their actions breached my rights under:

- The Fourteenth Amendment to the United States Constitution, which guarantees fair and impartial hearings, free from bias and irrelevant personal attacks.
- Article I, Section 17 of the Michigan Constitution, which guarantees due process and equal protection of law in all judicial proceedings.

At no time did I waive these rights, and at no point did Defendants have legal authority to use prejudicial material to undermine the fairness of this proceeding. The Court cannot ignore that these violations were not accidental—they were deliberate, retaliatory, and malicious.

## 2. Direct Violation of MCR 1.109(D)-(E)

MCR 1.109(D)(3) prohibits any filing made for an improper purpose, including to harass, retaliate, or shame a party. MCR 1.109(E) mandates that sanctions "shall" be imposed when a filing violates this rule. Defendants' conduct here was not a mere violation—it was a strategic attack aimed at undermining my credibility in a civil dispute where no such character evidence is legally permitted.

## 3. Violation of MCL § 600.2911 – Defamation and Exemplary Damages

By injecting irrelevant and stigmatizing claims of theft or dishonesty into the public record, Defendants engaged in defamation per se. Under MCL § 600.2911, I am entitled to exemplary damages for this misconduct, as the defamatory statements:

- Were made maliciously;
- Were not based on any legitimate defense or court-authorized motion;
- Were broadcast in open court, damaging my professional and personal reputation.

This conduct did not arise from a misunderstanding of law—it arose from a deliberate intent to smear me before the Court and divert attention from Defendants' own misconduct.

## 4. Violation of MCL § 445.901 et seq. – Michigan Consumer Protection Act (MCPA)

Defendants' actions are also part of a pattern of unfair and deceptive practices barred under the Michigan Consumer Protection Act, MCL § 445.903, including:

Page 8 of 14

- Engaging in retaliatory conduct for asserting legal rights;
- Making false representations about character or intent;
- Attempting to interfere with fair judicial processes.

I am not only a plaintiff in this case but also a business owner seeking redress for economic injury. The MCPA applies to conduct affecting trade and commerce, and these tactics have harmed both my individual and business interests by undermining credibility and creating public mistrust through court records.

## 5. Binding Precedent: Tucker v. Powell

In Tucker v. Powell, unpublished per curiam opinion of the Michigan Court of Appeals, issued December 20, 2016 (Docket No. 327284), the Court held:

"It was an abuse of discretion for the trial court to rely on Plaintiff's past criminal record as part of its reasoning, where that record was not relevant to any claim or issue properly before the court."

That case was directly on point: just like here, the opposing party attempted to distract from the legal issues by weaponizing unrelated criminal history. The Court of Appeals made clear—this type of conduct undermines judicial neutrality and cannot be tolerated.

Attorney Rubinstein's conduct mirrors the abuse condemned in Tucker. His intent was not to advance the litigation but to influence the judge with inflammatory, off-record attacks. This is precisely what Tucker and Michigan law prohibit.

## IV. BAD FAITH AND PATTERN OF MISCONDUCT

Defendants' counsel, Jan Jeffrey Rubinstein, has engaged in a deliberate and escalating pattern of bad-faith litigation tactics that go beyond the bounds of zealous advocacy and cross directly into abuse of process, harassment, and obstruction of constitutional rights.

This conduct must be evaluated not in isolation, but as part of a coordinated strategy to chill, intimidate, and discredit me—a pro se litigant exercising protected rights under the Michigan Constitution, the United States Constitution, and the Michigan Court Rules.

## 1. Frivolous and Factually Unsupported Filings

Rubinstein and his firm have repeatedly submitted pleadings containing:

- General denials with no good-faith factual basis, in violation of MCR 2.111(C) and MCR 2.114(D);
- Affirmative defenses that are legally deficient, unsupported by any evidence, and asserted solely to confuse the issues and delay adjudication;
- Objections to pro se participation, despite clear constitutional and statutory authority permitting self-representation.

These pleadings are not intended to resolve legal issues—they are intended to burden the Court and oppress a self-represented plaintiff through repetition, misdirection, and excessive litigation costs.

## 2. Targeted Character Assassination of a Pro Se Plaintiff

There is no justification—under the Michigan Rules of Evidence, Michigan Rules of Civil Procedure, or any governing authority—for introducing a decade-old criminal record into a contract-based civil dispute. The only purpose of raising such information was to:

- Prejudice the presiding judge during a motion to disqualify her;
- Distract from the legal merits of pending motions;
- Create stigma in the court file for future proceedings and to undermine my standing.

Page 10 of 14

Such tactics are unethical, improper, and sanctionable under MCR 1.109(E), as well as the Michigan Rules of Professional Conduct, including:

- MRPC 3.4(a) – Prohibiting lawyers from alluding to irrelevant and inadmissible matters in court;
- MRPC 4.4(a) – Forbidding conduct with no substantial purpose other than to embarrass or burden a third party.

## 3. Abuse of the Judicial Process During Disqualification Proceedings

The conduct occurred during a hearing on judicial bias—a proceeding that requires the utmost neutrality and respect for due process. Instead of limiting argument to judicial conduct, Rubinstein introduced inflammatory, unrelated allegations to sway the Court emotionally and intellectually against me. This was a clear subversion of the judicial process, and his conduct:

- Violated MCR 2.003, which demands a neutral and unbiased forum;
- Compromised the integrity of the disqualification hearing itself, a fundamental constitutional right under both state and federal law;
- Retaliated against my protected filing—thus chilling my future ability to petition this Court or any other.

## 4. Constitutional Retaliation and Obstruction of Access to Courts

Under the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 17 of the Michigan Constitution, I have the absolute right to access the courts without retaliation or intimidation. Rubinstein's acts constitute:

- Obstruction of justice through defamatory personal attacks;
- Retaliation for lawful motions, including my Motion for Sanctions, Motion for Security for Costs, and Motion to Disqualify;
- Suppression of protected activity, making it harder for me as a pro se litigant to receive equal treatment.

This is not advocacy. This is calculated litigation terrorism, designed to deter, degrade, and disable a civil litigant from pursuing lawful remedies.

## V. RELIEF REQUESTED

Pursuant to MCR 1.109(E), the Michigan Rules of Professional Conduct, and this Court's inherent authority to regulate attorney conduct and protect judicial integrity, I respectfully request the following relief:

1.  Monetary Sanctions in the amount of $5,000

    That this Court impose a monetary sanction of $5,000 against The Rubinstein Law Firm and/or Jan Jeffrey Rubinstein, personally, as a remedial penalty for:

    o   Filing and presenting irrelevant, unauthenticated criminal history with no legal basis;
    o   Weaponizing inadmissible personal history to prejudice a pro se Plaintiff during a judicial disqualification hearing;
    o   Violating the clear requirements of MCR 1.109(D)-(E) and MRPC 3.4.

2.  Protective Order to Prevent Further Misconduct

    That this Court enter a protective order barring Defendants and their attorneys from referencing, attaching, or discussing Plaintiff's criminal history—past, present, or alleged—in any future filing, motion, or hearing unless and until:

    o   They first obtain prior written approval from the Court; and
    o   They submit a legal showing of relevance under MRE 404, MRE 608, or MRE 609, and provide proper authentication and notice under the Michigan Rules of Evidence.

3.  Striking of Prejudicial Material from the Record

    That this Court order the following material stricken from the record and disregarded for all future purposes:

    o   The unauthenticated criminal history document submitted as Exhibit D to Defendants' June 10, 2025 Motion for Sanctions;
    o   All related arguments or statements referencing Plaintiff's criminal history within that motion;
    o   All oral remarks made on the record by Mr. Rubinstein during the June 13, 2025 judicial disqualification hearing, specifically:

        "Mr. Swoope has a lengthy criminal history, much of it involving theft or dishonesty. I'd like to ask about those..."

4.  Referral to the Michigan Attorney Grievance Commission

That this Court refer Attorney Jan Jeffrey Rubinstein and The Rubinstein Law Firm to the Michigan Attorney Grievance Commission under:

- ○ MRPC 3.3 – Lack of candor toward the tribunal;
- ○ MRPC 4.4(a) – Using litigation tactics intended to embarrass or burden a party;
- ○ MRPC 8.4(b), (c), and (d) – Engaging in conduct involving dishonesty, prejudice to the administration of justice, and violation of the Rules of Professional Conduct.

5. Further Equitable Relief

That this Court award any other relief it deems just, equitable, and necessary to:

- ○ Restore fairness and integrity to these proceedings;
- ○ Prevent further abuse of the litigation process;
- ○ Safeguard the due process rights of this pro se Plaintiff.

# CONCLUSION

This motion is not about one improper exhibit or one reckless courtroom comment—it is about a clear pattern of unethical litigation tactics designed to intimidate, prejudice, and retaliate against me for exercising my rights under the law.

As a pro se litigant, I have followed the Michigan Court Rules, submitted motions grounded in fact and law, and pursued my case with integrity. What I will not tolerate is being targeted, smeared, or silenced by attorneys who know better and are officers of this Court.

Defendants' counsel deliberately crossed the line by injecting inadmissible and irrelevant criminal history into a civil contract and tort case—with no foundation, no evidentiary relevance, and no legal purpose. This was not advocacy—it was misconduct.

This Court has both the authority and the duty to act under MCR 1.109(E) and the Michigan Rules of Professional Conduct to preserve the dignity of these proceedings and protect the rights of litigants—regardless of whether they are pro se or represented by counsel.

I respectfully request that sanctions be imposed, protective orders entered, the record corrected, and that this misconduct be addressed appropriately under the law.

**Respectfully Submitted,**

**/s/ Christopher Swoopes**

**20501 Livernois Ave., P.O. Box 21084**

**Detroit, MI 48221**

**Dated: June 14, 2025**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**
**GENERAL CIVIL DIVISION**

CHRISTOPHER SWOOPES,
an individual,
BEYOND ALL STANDARDS CONSTRUCTION CO., LLC,
a Michigan limited liability company,
REAL ESTATE BEYOND ALL STANDARDS, LLC,
a Michigan limited liability company, and
SWOOPES PREEMINENT PROPERTIES, LLC
a Michigan limited liability company,

      Plaintiffs/Counter-Defendants,

\- vs -

DUANE CRAWFORD
an individual,
DNS INVESTMENTS, LLC
A foreign Limited Liability Company, and
STELLA MURPHY CRAWFORD,
an individual,

      Defendants/Counter-Plaintiffs.

Case No. 24-017081-CZ
Hon: Muriel Hughes

_____/

| | |
|---|---|
| CHRISTOPHER SWOOPES<br>*In Pro Per*<br>20501 Livernois Ave.,<br>PO Box 21084<br>Detroit. MI 48221 | THE RUBINSTEIN LAW FIRM<br>Jan Jeffrey Rubinstein (P57937)<br>Kevin M. Burton (P86626)<br>Rachel G. Caloia (P87504)<br>*Attorneys for Defendants*<br>30665 Northwestern Hwy., Ste. 165<br>Farmington Hills, MI 48334<br>(248) 220-1415 |

_____/

**DEFENDANTS VERIFIED RESPONSE TO PLAINTIFF'S**
**VERIFIED *"EMERGENCY"* MOTION FOR SANCTIONS, TO STRIKE DEFENDANTS' PLEADINGS,**
**FOR RELIEF BASED ON FRAUD UPON THE COURT, TO STAY ALL OTHER PROCEEDINGS, AND**
**FOR ANY OTHER RELIEF THIS COURT DEEMS JUST AND PROPER**

NOW COMES, Defendants, by and through their attorneys, THE RUBINSTEIN LAW FIRM, and

for their Response to Plaintiff's *"Emergency"* Motion for Sanctions, to Strike Defendants'

1

Document received by the MI Wayne 3rd Circuit Court.

Doc ID: 323395d1d6ddc9d10c2cf16bbdfc965140451dc5

Pleadings, for Relief Based on Fraud Upon the court, to Stay All Other Proceedings, and for Any Other Relief this Court Deems Just and Proper, states the following in support:

## INTRODUCTION

Plaintiff Swoope continually files improper Motions on behalf of LLCs that he cannot legally represent and continues to engage in abusive filings riddled with nonsense. Swoope's improper conduct in inundating this Court with lengthy, piecemeal filings, is violative of the Michigan Court Rules concerning Motion Practice[1]. Plaintiffs continually abusive conduct and verifiably false statements should not be tolerated by this Court.

Once again, Plaintiff's Motion is difficult to respond to because it reads like a stream of conscience. Nonetheless, Defendants will respond to each paragraph alleged by Plaintiffs. Essentially, Plaintiff Swoope claims a phantom *"fraud upon the Court"* because Defendants' attorney for the eviction proceeding in 36th District Court, Ponce Clay Esq., stated that Swoope had no relationship to this property. This is a completely true statement. Defendants engaged Swoope to serve as a property manager – this isn't a secret. Swoope never found a tenant and never paid Defendants any money. Defendants texted Swoope and terminated his services.

Magically, after Defendants terminated Swoope's property management services, which went on for months without allegedly locating a tenant, Swoope magically found a tenant. Swoope collected no less than $7,600.00 in rent from the tenant. See Exhibit "A". On about April 4, 2024, Plaintiff sent a Zelle to Stella Crawford for $900.00, after being terminated, and said there was suddenly now a tenant. Prior to that, Plaintiff was telling Defendants that he couldn't find any

---

[1] **(A)** Form of Motions.**(1)** An application to the court for an order in a pending action must be by motion. Unless made during a hearing or trial, a motion must**(a)** be in writing,**(b)** state with particularity the grounds and authority on which it is based,**(c)** state the relief or order sought, and**(d)** be signed by the party or attorney as provided in MCR 1.109(D)(3) and (E).

2

Document received by the MI Wayne 3rd Circuit Court.

tenants.  Plaintiffs falsely represented to the tenant the *he was the property owner, and he was the landlord.*  His questionable conduct and false statements resulted in a PPO being issued against Plaintiff Swoope.  See Exhibit "B".

The whole Motion is premised on Swoope's imagination of some kind of misrepresentation.  Swoopes "contract" (Exhibit "C") for property management services was terminated.  He did not own the house.  He didn't execute a lease with the tenant as he was obligated to do.  Beyond that, Swoope's allegations are purely without merit.

## BACKGROUND FACTS

Plaintiff's complaint before this Court claims that Defendants signed a contract giving him a house for 6 years so that he can recoup money that he claims client owes for construction services.  Plaintiff falsely alleges a balance of Roughly $65,000.00 after total of $85,000.00 was charged and that Defendants only paid him $20,000.00.  In reality, Defendants wired Plaintiffs $110,000.00 and have proof of same.

Plaintiff's complaint does not attach anything to it, and claims nonsensical things such as defamation.  Plaintiff filed a lien on Defendants' property with his company name.  Plaintiffs also agreed to engage in property management services for Defendants.  Plaintiffs claimed they never could get a tenant for the property.

After Defendants attempted to fire Plaintiffs *"property management"* services, Plaintiffs began electronically sending money, magically claiming to have found a tenant.  Defendants then retained a new property manager, who informed them that this particular tenant, had been living in the property for an extensive period of time.  The 36th District Court found in favor of Defendants and evicted the tenant (Exhibit "D"), who had a PPO against Swoope for his stalking and aggressive conduct (Exhibit "B").

3

Document received by the MI Wayne 3rd Circuit Court.

## LAW AND ARGUMENT

I.   SWOOPE'S IMPROPERLY NOTICED MOTION IS NOT AN EMERGENCY

In evaluating an emergency motion, Courts typically look to whether or not there is an emergency that justifies immediate consideration of the Motion.  See, generally, *Slis v State*, 332 Mich App 312, 338; 956 NW2d 569 (2020).  Swoopes has not proven that here, and for that reason, this Motion should be denied as Swoopes hasn't *"passed the gateway"* as a threshold issue. Swoopes unreasonably filed this Motion on Monday, May 12, 2025 (*just two days ago*).  See Exhibit "E".

Swoope then, a day later, on Tuesday, May 13, 2025, (*yesterday*), served a notice of hearing for this Friday, May 16, 2025.  (See Exhibit "F").  It is an utterly remarkable position when one considers the fact that Swoope's entire premise of his Motion to Strike the First Amended Affirmative Defenses was that he was given insufficient notice several weeks prior to the hearing date in which he failed to attend, and the Motion was granted.

Nonetheless, this Motion was improperly designated as an Emergency without one actually existing.  The eviction case is over – in fact it has been over for several months.  There is no impending writ to keep the tenant in that Plaintiff is even trying to stop, rather, it appears Plaintiff is seeking to circumvent the Court rules, which is improper.

II.   SWOOPE'S ALLEGATIONS OF FRAUD UPON THE COURT ARE PURELY JUST DISPUTES WITH
       DENIALS OF HIS ALLEGATIONS IN PLEADINGS

Swoopes alleges fraud upon the Court but fails to point to what is false – he purely offers his own narration of events and documents.  If Swoope's Motion were accepted, it would mean that every single lawsuit in the State of Michigan would be premised on fraud upon the Court, rather than disputes of facts or law.  In an even more remarkable fashion, Swoopes cites to MCR

4

Document received by the MI Wayne 3rd Circuit Court.

2.114(D), which was repealed effective September 1, 2018. Swoopes also attempts to rely on MCR 2.612(C)(3) to set aside a **Judgment.** There is no Judgment in this case as it is in the beginning stages. If Swoopes is unhappy about the eviction judgment for the tenant that has a PPO against him, this is not the appropriate forum to litigate that concern.

Swoope's allegations concerning judicial estoppel are also without merit. For example, he claims it was argued that Defendants' "didn't know him, and he trespassed." That never occurred. A Transcript from those proceedings from the 36th District Court is forthcoming. Once again, Swoopes attempts to strike Defendant's Responsive pleading, despite failing to attend the hearing regarding same.

Swoope also claims Defendants engaged in felony witness tampering by discussing Swoope with the tenant. Swoopes understanding of the felony witness tampering criminal statute is woefully deficient. In fact, the felony statute cited deals with **discouraging** a person from being a witness in a proceeding. That never happened in any case. Again, Swoope's attempts to manufacture his own legal authority and continues to do so, sanctions are necessary.

III.   DEFENDANTS' RENEWED REQUEST FOR SANCTIONS DUE TO SWOOPES VERIFIABLY FALSE STATEMENTS AND FABRICATED LEGAL AUTHORITY

Swoopes's frivolous and palpable conduct is violative of MCR 1.109, and has caused Defendants to unreasonably incur attorney's fees in the time to respond and appear for such a baseless Motion. MCR 1.109(E)(5) provides:

> (5) *Effect of Signature.* The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> **(b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by**

5

Document received by the MI Wayne 3rd Circuit Court.

existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(c) **the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation**.

Pursuant to MCR 1.109(E)(6);

If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees.

It is well established that when granted by statute, a party may recover their reasonable attorney's fees. In *Smith v Khouri*, 481 Mich 519, 751 NW2d 472 (2008), the Michigan Supreme Court considered how trial courts are to go about determining a reasonable attorney fee and held that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services. This number should be multiplied by the reasonable number of hours expended in the case, and the number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. *Id.* at 528-529.

Thereafter, the court should consider the other factors stated in *Wood v DAIIE*, 413 Mich 573, 321 NW2d 653 (1982), and Michigan Rule of Professional Conduct 1.5(a) to determine whether an up or down adjustment is appropriate. *Smith* at 529-530. The *Wood* factors include:

a. the professional standing and experience of the attorney;
b. the time, skill, and labor involved;
c. the amount in question and the results achieved;
d. the difficulty of the case;
e. the expenses incurred; and
f. the nature and length of the professional relationship with the client. *Wood* at 587.

Moreover, the factors set forth under MRPC 1.5(a) include:

6

Document received by the MI Wayne 3rd Circuit Court.

a. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
b. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
c. the fee customarily obtained;
d. the amount involved and the results obtained;
e. the time limitations imposed by the client or by the circumstances;
f. the nature and length of the professional relationship with the client;
g. the experience, reputation, and ability of the lawyer performing the services; and
h. whether the fee is fixed or contingent. See MRPC 1.5(a).

Swoopes instant Motion shows that he attempts to play it *"fast-and-loose"* with the Court system. Swoopes has told numerous outright lies and attempted to fabricate Court Rules in this Motion. It is a policy that should not be tolerated and should not set the tone for Swoopes *In Pro Per* representation in this matter. The time Defendants' Counsel incurred in responding to Swoope's underly frivolous, palpable Motion to Strike is 2.5 hours. The time incurred in preparing a short-notice response[2] to the instant "Emergency" Motion is 2.5 Hours. Undersigned bills at a rate of $415.00 per hour, which falls within the 75th and 95th percentile of Michigan's 2023 State Bar Economics Memoranda, and is a reasonable fee given the guidelines above. Defendants anticipate an hour to appear for and argue Swoopes frivolous Motions. 6.0 Hours at $415/hr results in a reasonable fee in connection with this Motion of $2,490.00.

## CONCLUSION

WHEREFORE, Defendants, respectfully request that this honorable court denies Plaintiffs' "motion" to strike, sanction Plaintiffs pursuant to MCR 1.109(E)(6) in the amount of $2,490.00, with a failure to pay this sanction resulting in a dismissal of this case, and further grant any other relief that this Court deems necessary and just based upon the circumstances herein.

Respectfully submitted,

---

[2] Which, required undersigned to put off legal services to other clients given Swoope's failure to follow the Court Rules and seemingly deliberate short notice.

7

Document received by the MI Wayne 3rd Circuit Court.

THE RUBINSTEIN LAW FIRM

Dated: May 14, 2025                    By: /s/ Jan Jeffrey Rubinstein

Jan Jeffrey Rubinstein (P57937)
Attorney for Defendants

**I declare that the statements above are true to the best of my information, knowledge, and belief.**

_____
DUANE CRAWFORD

_____
STELLA M. CRAWFORD

By: _____

Its: _____
DNS INVESTMENTS, LLC

8

Document received by the MI Wayne 3rd Circuit Court.

 Gmail

## Formal Notice of Intent to File Civil Action Lawsuit and Grievance – For Fraud Upon the Court, Constitutional Violations, and Ethical Misconduct under MRPC, MCR, and Federal Law Swoopes et al. v. Crawford et al. – Wayne County Circuit Court, Case No. 24-017081-CZ

**Mr Swoope** <allstandardscounterfolis@gmail.com>                                    Wed, Jun 25 at 9:41 AM
To: <kb@therubinsteinfirm.com>, <rgcaloia1@gmail.com>, <jjr@therubinsteinfirm.com>
Cc: Bas Legal Department <baslegalaffairs@gmail.com>

Dear Counsel

Jan Jeffrey Rubinstein (P57937)

Rachel G. Caloia (P87504)

Kevin M. Burton (P86626)

The Rubinstein Law Firm

This letter constitutes formal notice that I

Christopher Swoopes, in my individual capacity and on behalf of all harmed parties, intend to file a civil action and an attorney grievance complaint against you and The Rubinstein Law Firm for your ongoing participation in fraud upon the court, misrepresentation of facts and procedure, and intentional violations of constitutional and ethical standards.

This misconduct is not protected under court rules or your representation duties. The Michigan Rules of Professional Conduct, Michigan Court Rules, and federal law do not shield attorneys who weaponize litigation in bad faith, mislead the court, and retaliate against protected filings. Your firm has crossed the line into sanctionable and actionable misconduct.

## I. Core Violations Committed by Your Firm

1. MCR 1.109(E): Filing materially false and prejudicial statements, including irrelevant and unauthenticated criminal history, for improper purposes namely to retaliate, smear, and intimidate.

2. MRPC 3.3(a)(1): Knowingly submitting false statements of material fact to a tribunal and failing to correct them, including mischaracterizing my procedural filings and falsely alleging unauthorized practice.

3. MRPC 3.4(e): Alluding to inadmissible matters not supported by the evidence most notably during the June 13 hearing and in Exhibit D.

4. MRPC 8.4(b)-(d): Engaging in dishonesty, misrepresentation, conduct prejudicial to the administration of justice, and participating in procedural fraud.

5. Fraud Upon the Court (Federal & State): Knowingly enabling or participating in the distortion of the procedural record, including echoing false judicial statements and failing to correct material misstatements on the record. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

6. Abuse of Process & Malicious Prosecution: Weaponizing pleadings to deter my protected filings, submit character attacks with no relevance or foundation, and obstruct motions you could not defeat on the merits.

## II. You Are

## Not Protected

## by Court Rule or Client Representation

It is well-settled law that:

"An attorney's duty of advocacy does not extend to the knowing submission of falsehoods, or to misuse of process for a purpose other than resolving the underlying claim."
— People v. Pizzella, 310 Mich App 420, 871 NW2d 877 (2015)

Neither MCR 2.114 nor the attorney-client privilege insulates counsel from liability for knowingly false statements or intentional misuse of court process. Attorneys are personally responsible for:

- Submitting fraudulent documents or pleadings (MCR 1.109);
- Violating ethical obligations under MRPC;
- Engaging in bad-faith litigation or improper retaliation against lawful filings.

## III. Demand for Resolution Within 24 Hours

If I do not receive a written acknowledgment and resolution offer within 24 hours of this letter, I will proceed with the following:

1. File a formal grievance with the Michigan Attorney Grievance Commission under MRPC 8.3(a);
2. File a civil lawsuit in the Wayne County Circuit Court and/or federal court under:
   - State Law: Abuse of Process, Intentional Infliction of Emotional Distress, Defamation, Civil Conspiracy, and Fraud Upon the Court;
   - Federal Law: 42 U.S.C. §1983 for violation of constitutional rights (due process, equal protection, retaliation), in conspiracy with a judicial officer.
3. Request sanctions under MCR 1.109(E) and motion for referral under MRPC 8.4.

This action will include demands for:

- Monetary damages;
- Public sanctions;
- Referral to disciplinary authorities;
- Recovery of attorney fees, court costs, and out-of-pocket harm.

## IV. Final Warning

If you continue filing false, retaliatory, or unethical pleadings whether in this case or any forum you will be held personally accountable under both civil and disciplinary law. Your recent response brief, filed June 22, 2025, contains additional falsehoods and is already being preserved for grievance and litigation use.

I advise you to consider your ethical obligations carefully. I will not be intimidated, and I will not allow your firm to continue subverting justice and suppressing my rights.

---

Sincerely,

/s/ Mr Swoope

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**
**GENERAL CIVIL DIVISION**

CHRISTOPHER SWOOPES,                                    Case No. 24-017081-CZ
an individual,                                         Hon: Muriel Hughes
BEYOND ALL STANDARDS CONSTRUCTION CO., LLC,
a Michigan limited liability company,
REAL ESTATE BEYOND ALL STANDARDS, LLC,
a Michigan limited liability company, and
SWOOPES PREEMINENT PROPERTIES, LLC
a Michigan limited liability company,

      Plaintiffs/Counter-Defendants,


- vs -


DUANE CRAWFORD,
an individual,
DNS INVESTMENTS, LLC,
A foreign Limited Liability Company, and
STELLA MURPHY CRAWFORD,
an individual,

      Defendants/Counter-Plaintiffs.

_____/

| | |
|---|---|
| CHRISTOPHER SWOOPES | THE RUBINSTEIN LAW FIRM |
| *In Pro Per* | Jan Jeffrey Rubinstein (P57937) |
| 20501 Livernois Ave., | Kevin M. Burton (P86626) |
| PO Box 21084 | Rachel G. Caloia (P87504) |
| Detroit. MI 48221 | *Attorneys for Defendants* |
| | 30665 Northwestern Hwy., Ste. 165 |
| | Farmington Hills, MI 48334 |
| | (248) 220-1415 |

_____/

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY DISPOSITION**

NOW COME Defendants/Counter-Plaintiffs, DUANE CRAWFORD, STELLA MURPHY

CRAWFORD, AND DNS INVESTMENTS, LLC, by and through their attorneys, THE RUBINSTEIN LAW

FIRM, and for Defendants' Reply Brief in Support of Motion for Summary Disposition Pursuant to

MCR 2.116(C)(5), (8), (9) and (10), respectfully states as follows:

1

## INTRODUCTION

Plaintiff Christopher Swoope's instant Objection to Defendants' Motion for Summary Disposition presents nothing new. Yet again, Plaintiff Swoope misstates and misapplies Michigan court rules and the law. Plaintiff Swoope does not address any of Defendants' arguments set forth in their Motion for Summary Disposition. Additionally, Plaintiff Swoope ignores the fact that there is nothing in the Court Rules that prevents a party from filing a dispositive motion while a motion to disqualify is pending before a court. While the Motion will not be heard during the stay, Defendants are permitted to file any motions they so choose. Indeed, Defendants' Motion still has not been scheduled for a hearing and will not be scheduled until the Chief Judge issues her ruling on Plaintiff's motion to disqualify. As such, Plaintiff's instant Objection is meritless, and Defendants are entitled to summary disposition in their favor.

## LAW AND ARGUMENT

### I. PLAINTIFF ENTIRELY MISSTATES MCR 2.003

Plaintiff Swoope relies on MCR 2.003(D)(4) as the basis of his Objection. However, Plaintiff entirely misstates the Court Rule. MCR 2.003 does not state, "No further proceedings shall take place until the motion is resolved." Plaintiff apparently made this statement up, as it does not appear in MCR 2.003 nor does he cite any authority for this assertion. In fact, there is nothing in the court rule that prevents Defendants from filing a motion while a Motion for Disqualification is pending. Judge Hughes's Order dated July 17, 2025 does adjourn hearings on the pending motions in this case, but the Order does not in any way state that no other motions are to be filed while Plaintiff's Motion to Disqualify is pending. As such, Defendants' filing of their dispositive motion does not violate any Court Rule or Order. Plaintiff should not be permitted to make up his own court rules and to misapply the law to the instant case.

2

## II. PLAINTIFF SWOOPE CONTINUES TO IMPROPERLY ASSERT THAT HE HAS LEGAL STANDING IN HIS INDIVIDUAL CAPACITY TO BRING CLAIMS AGAINST DEFENDANTS

No matter how many times Plaintiff Swoope asserts that he has legal standing to bring claims against Defendants in his individual capacity, stating such does not make it true or correct. As previously stated, Plaintiff Christopher Swoope lacks the legal capacity to bring claims against Defendants. The agreements that are the basis of Plaintiffs' claims against Defendants involve Beyond All Standards Construction Company, LLC and Defendants. **Plaintiff Swoope, in his individual capacity, is not a party to those agreements**. This is confirmed by the liens placed against Defendants on behalf of Beyond All Standards Construction Company, LLC. (See Exhibit K attached to Defendants' Motion for Summary Disposition). As such, Plaintiff Swoope lacks the legal capacity to sue Defendants in his individual capacity.

Moreover, the three (3) Plaintiff entities have failed to retain counsel to represent them, which they are required to do. "While an individual may appear in propria personam, a corporation, because of the very fact of its being a corporation, can appear only by attorney regardless of whether it is interested in its own corporate capacity or in a fiduciary capacity." *Detroit Bar Ass'n v. Union Guardian Tr. Co.*, 282 Mich. 707, 711, 281 N.W. 432, 433 (1938). See also, *Fraser Trebilcock Davis & Dunlap PC v. Boyce Trust 2350*, 497 Mich. 265, 276–277, 870 N.W.2d 494. Additionally, a corporate entity cannot represent "itself" in an action. MCL 600.916(1) precludes an unlicensed person from practicing law, and MCL 450.681 enjoins corporations or voluntary associations from practicing law without a license. The entity names continue to appear on each of his filings and are still Plaintiffs in this matter. Because the three (3) Plaintiff entities have continuously failed to retain counsel in this matter, the entities should be dismissed.

## III. PLAINTIFFS CANNOT ESTABLISH ANY OF THEIR CLAIMS AGAINST DEFENDANTS

3

Plaintiffs' Complaint set forth a myriad of counts against Defendants, none of which have been established. There indeed was a contract for construction services between the parties—but that is the extent of what Plaintiffs can prove. Plaintiffs only state that Defendants "failed to pay for services rendered" but offer no support for such claim. (See Plaintiffs' Complaint). Defendants have provided their bank statements from the onset of this case to show that Defendants did, in fact, pay Plaintiffs for the services rendered. (See Exhibit B – Bank Statements). As such, Plaintiffs cannot establish their claim of Breach of Contract.

Next, Plaintiffs claim Breach of Lease Agreement (Contract) against Defendants. The purported Lease Agreement relied on by Plaintiffs is a forged document, as was determined in the eviction case between the same parties in the 36th District Court. (See Exhibit F attached to Defendants' Motion for Summary Disposition.) Judge Bradley-Basin determined that the Lease Agreement was not signed by Defendant Duane Crawford as alleged. As Defendants were granted the eviction judgment in their favor in the prior case, and as Plaintiffs have already failed to establish that the Lease Agreement was entered into and signed by both parties, Plaintiffs' claim fails, and Plaintiffs are not entitled to an award of liability against Defendants.

Third, Plaintiffs claim Defamation against Defendants. To start, Plaintiffs' Complaint names three (3) Defendants, and Plaintiff alleges that "[b]oth Defendants made false and defamatory statements, without identifying who the two Defendants are. Next, Plaintiffs do not identify a single statement allegedly made by any Defendant that concerns the Plaintiffs. Plaintiffs also fail to establish where the allegedly false statements were published, fault on the part of Defendants, and either actionability of the statement or special harm caused by the publication. As Plaintiffs fail to satisfy a single element of a Defamation claim, Defendants are entitled to security costs for Plaintiffs' tenuous theories of liability.

4

Plaintiffs' remaining claims of Tortious Interference with Business Relationships, Violation of the Michigan Consumer Protection Act, "Loss of Wages" and "Punitive Damages" also fail for the reasons set forth in Defendants' Motion for Summary Disposition. Because all of Plaintiffs' claims fail, and because Plaintiff Swoope lacks legal standing to individually bring claims against Defendants, Defendants are entitled to summary disposition in their favor.

CONCLUSION

WHEREFORE, Defendants/Counter-Plaintiffs respectfully request that this Honorable Court grant summary disposition in favor of Defendants as to their Counter-Complaint, dismiss Plaintiffs' case in its entirety with prejudice, order Plaintiffs to pay Defendants costs, expenses, and attorney fees for having to defend this frivolous action, and to grant any other relief this Court deems appropriate based on the circumstances outlined herein.

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

By: /s/ *Jan Jeffrey Rubinstein*
Jan Jeffrey Rubinstein (P57937)
Attorney for Defendants/Counter-Plaintiffs

Dated: September 8, 2025

5

JS 44 (Rev. 10/20)

# CIVIL COVER S

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement t
provided by local rules of court. This form, approved by the Judicial Conference of the United St
purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case 4:25-cv-12949
Judge: Kumar, Shalina D.
MJ: Altman, Kimberly G.
Filed: 09-17-2025 At 10:14 AM
CMP CHRISTOPER SWOOPE V RACHEL G. C
ALOIA, ET AL (LG)

## I. (a) PLAINTIFFS

**CHRISTOPHER PIERRE SWOOPE**

**(b)** County of Residence of First Listed Plaintiff _Wayne County_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** *Attorneys (Firm Name, Address, and Telephone Number)*
20501 Livernois Ave.,
P.O. Box 21084
Detroit, MI 48221

DEFENDANT Kevin M. Burton
Jan Jeffrey Rubinstein
The Rubinstein Law Firm, PLLC

County of Residence of First Listed Defendant _Oakland County_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** ☐ 462 Naturalization Application | | Agency Decision ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fraud, due process, §1983, §1985, malicious prosecution

Brief description of cause:
42 U.S.C. §§ 1983, 1985 – Civil Rights Violations; Fraud on the

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $400,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9/17/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                 ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

PURSUANT TO LOCAL RULE 83.11