UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SWOOPE,<br>Plaintiff,<br><br>v.<br><br>RACHEL GRACE CALOIA et al.,<br>Defendants. | Case No. 25-12949<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 32), ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 31), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 11), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)**

## I. Introduction

Plaintiff Christopher Swoope ("Swoope"), proceeding pro se, initiated this civil rights action against defendants Rachel Grace Caloia, Kevin Burton, Jan Jeffrey Rubinstein, the Rubenstein Law Firm, PLLC, and John Does 1-20 (collectively, "Defendants") bringing federal claims under 42 U.S.C. §§ 1983 and 1985, as well as claims under Michigan state law. ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1). ECF No. 5. All named defendants moved to dismiss and for sanctions. ECF Nos. 6, 8. Swoope

filed a response in opposition to the motion to dismiss combined with a motion for summary judgment and a motion to strike. ECF No. 11. The magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant defendants' motion to dismiss, deny the motion for sanctions, deny Swoope's motions, sua sponte dismiss the John Doe defendants, and impose prefiling restrictions on Swoope. ECF No. 31. Swoope filed timely objections to the R&R. ECF No. 32.

## II. Analysis

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free

to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the

arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Com'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**B. Discussion**

Swoope has filed eight objections. The Court will address each one in turn.

i. Objection A

Swoope's first objection asserts, in a conclusory manner, that the R&R violated Federal Rule of Civil Procedure 12 "by relying on matters outside the pleadings" and "improperly transform[ing] a pleading-stage analysis into a factual adjudication." ECF No. 32, PageID.1513-4. But the R&R specifically notes that although Defendants' brief contains extensive background of the underlying state court proceedings, "[t]he details of those state court cases are not necessary to decide the motions before the

Court." ECF No. 31, PageID.1486. Furthermore, the R&R concluded that all Swoope's claims fail as a matter of *law.* The R&R only addresses Swoope's other cases in its analysis of Defendants' motion for sanctions. Indeed, "the litigant's history of litigation and in particular whether it entailed vexation, harassing or duplicative lawsuits" is one of the factors courts consider when determining if a permanent injunction against a litigant's filing access is warranted. *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (cleaned up); *see also* ECF No. 31, PageID.1509.

Because his first objection does not explain how the R&R was wrong, why it was wrong, and how de novo review will obtain a different result, this objection is overruled.

ii. Objection B

In Swoope's second objection, he argues the R&R "reframes Plaintiff's claims as dissatisfaction with prior litigation." ECF No. 32, PageID.1514. "By substituting its own characterization, the Report avoids analyzing the claims under the correct legal framework." *Id.* However, the Court cannot find where the R&R characterizes Swoope's claims in the way he claims. Because Swoope does nothing more than state his

disagreement with the magistrate judge's decision, his second objection is overruled. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

iii. Objection C

Next, Swoope states the R&R misapplies the "state action doctrine under 42 U.S.C. § 1983" and that the magistrate judge required evidentiary proof of his claims, "thereby imposing a heightened pleading burden . . . ." ECF No. 32, PageID.1514-5. This argument wholly ignores the R&R's specific finding that Swoope must plead sufficient *facts* in support of his § 1983 claim. *See* ECF No. 31, PageID.1488-91.

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.' " *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141

(2d Cir. 2019)). In other words, pro se complaints “still must plead facts sufficient to show a redressable legal wrong has been committed.” *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. 2011); *see also Adams v. Michigan*, 2023 WL 5275122, at *1, (6th Cir. Feb. 1, 2023) (“Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than ‘conclusory allegations or legal conclusions masquerading as factual conclusions’ with respect to ‘all the material elements to sustain a recovery under some viable legal theory.’ ”).

The Court finds that the R&R applied the proper pleading standard to Swoope’s § 1983 claim. This objection is overruled.

iv. Objection D

In his fourth objection, Swoope objected to the R&R, “repeatedly suggest[ing] that this action constitutes an improper attempt to challenge state court proceedings.” He does not point to a specific section in the R&R to support his assertion, but, regardless, this objection does not bear upon the dispositive conclusion that his complaint fails as a matter of law and, thus, it is overruled as irrelevant. *See Martin v. U.C. Med. Ctr.*, 2020 WL 5640052, at *2–3 (S.D. Ohio Sept. 22, 2020) (overruling objections that

were not relevant to the substance of the magistrate judge's report and recommendation).

v. Objection E

Next, Swoope argues that the R&R focused on "doctrinal labels rather than the conduct alleged." ECF No. 32, PageID.1516. This objection is not sufficient because it is not clear and specific enough to permit the Court to squarely address it on the merits. *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) ("For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.' "). This objection is overruled.

vi. Objection F

In his sixth objection, Swoope objects to the dismissal of the Doe Defendants as premature because their identities could be determined during discovery. However, as the R&R notes, Swoope has not pleaded facts regarding the actions taken by the individual Doe Defendants in his complaint.

To state a cognizable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff "must allege how each defendant was personally involved in the acts" set forth in the complaint, *Rizzo v. Goode*, 423 U.S. 362, 375 (1976), and must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir.2002). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Indeed, Swoope "cannot generically hold one defendant liable for another's actions. Rather, he must allege that each defendant, through that defendant's own actions, 'subject[ed]' him (or 'cause[d]' him to be subjected) to the constitutional deprivation." *Rudd v. City of Norton Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (quoting *Jane Doe v. Jackson Loc. Sch. Dist. Bd. Of Educ.*, 954 F.3d 925, 934 (6th Cir. 2020)). The complaint must demonstrate "what each defendant did to violate the asserted right." *Terrance*, 286 F.3d at 842 (emphasis in original). The actions taken by

each defendant must be stated “separately” to “analyze the constitutionality of the individual actions of each defendant.” *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Swoope must specify the actions taken by each Doe Defendant to distinguish the constitutional deprivation caused by each defendant. “By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct,” Swoope’s complaint fails to meet the minimum pleading standard. *See Marcilis v. Twp of Redford*, 693 F.3d 589 (6th Cir. 2013) (citing *Atuahene v. City of Hartford*, 10 F. App’x 33, 34 (3d Cir. 2001)). And by failing to “separately . . . analyze the constitutionality of the individual actions of each defendant,” *Lanman*, 528 F.3d at 684, he does not provide sufficient “information to determine the liability of each individual defendant for the alleged constitutional violation.” *Persehll v. Cook*, 430 F. App’x 410, 416 (6th Cir. 2011).

Because Swoope’s allegations do not articulate how the Doe Defendants were personally involved in the acts alleged in his complaint, even if he were entitled to ascertain their identities via discovery, they would still be dismissed for failure to state a claim. This objection is overruled.

vii. Objection G

In Swoope's seventh objection, he argues that the R&R's recommendation that the Court impose prefiling restrictions is unsupported. He argues that such restrictions require a clear record of vexatious conduct, such as findings of bad faith or frivolousness or Rule 11 violations.

"A district court has inherent authority to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that abuses the judicial process." *Clemons v. DeWine*, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002)) (cleaned up). This inherent authority includes the ability "to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Id*. (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). Enjoining a vexatious filer requires a district court to:

> (1) provide notice to the plaintiff; (2) create an adequate record for review including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the order to closely fit the specific vice encountered.

*Id*. (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)) (cleaned up).

"In considering whether to impose prefiling restrictions, a district court should consider whether a litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases." *Alshara v. All Pro Logistics, LLC*, 2026 WL 2087287, at *2 (E.D. Mich. July 20, 2026) (citing E.D. Mich. Local Rule 5.2 and *Feathers*, 141 F.3d at 269–70). Other relevant factors courts should consider "include whether a litigant's cases have been filed in good faith, whether the litigant is represented by counsel, whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and whether alternative sanctions would be adequate." *Id*. (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 940 n.18 (6th Cir. 2002)) (internal quotation marks omitted).

The R&R details a pattern of frivolous cases filed by Swoope in this Court over a five-month span. As the magistrate judge notes, Swoope, acting pro se, filed six cases, including this one, all of which sue judges, court personnel, attorneys, municipalities or municipality personnel in connection with state court actions which did not go his way. *See, e.g.,*

*Swoope v. Bradley-Baskin, et al.*, 26-cv-10099 (E.D. Mich.) (DeClerq, J.) (action against state district court judge and court clerk related eviction proceedings against Swoope); *Swoope v. Martin, et al.*, 26-cv-10329 (E.D. Mich.) (DeClerq, J.) (action against two Wayne County circuit court judges and the County in connection with a non-domestic Personal Protection Order ("PPO") granted against Swoope); *Swoope v. Rancilio, et al.*, 25-cv-12948 (E.D. Mich.) (McMillion, J.) (action against a Macomb County circuit court judge and the court deputy in connection with an *ex parte* PPO issued against Swoope); *Swoope v. Hubbard, et al.*, 26-cv-10616 (E.D. Mich.) (Michelson, J.) (Section 1983 action against another Wayne County circuit court judge, the County, and a private attorney and her firm relating to a state court legal malpractice case in which he did not prevail); *Swoope v. Ewell, Jr., et al.*, 26-10328 (E.D. Mich.) (Leitman, J.) (Section 1983 action against another Wayne County circuit court judge, other court personnel, and a private attorney and her firm in connection with yet another civil lawsuit in which he did not prevail).

These actions have all been (or are poised to be) dismissed as barred by judicial or quasi-judicial immunity, for failure to state a claim against private actors under Section 1983, failure to properly serve

defendants, or failure to respond to either motions or show cause orders asserting these defects. *See id*. Notwithstanding his asserted claims' lack of merit, Swoope has moved to reconsider and filed appeals for orders denying him relief. In at least two of these cases (including this one), the judicial officer has stayed the case to prevent Swoope's superfluous filings during the pendency of a motion to dismiss. *See* ECF No. 19; *see also Swoope v. Ewell, Jr.*, 26-cv-10328, ECF No. 11.

Considering these facts, and the applicable factors for imposing filing restrictions, the Court agrees with the R&R's recommendation to restrict Swoope's ability to file actions in this Court.

First, the R&R provided notice and Swoope responded to the recommendation that vexatious filing restrictions be imposed. *See Gray v. United States*, 2025 WL 40818, at *2 (6th Cir. Jan. 3, 2025); *see also Clemons*, 2019 WL 7567197, at *3 (finding no error where plaintiff received notice of proposed filing restrictions by way of R&R). The R&R lays out Swoope's pattern of inveterate filing—of both cases and docket entries within those cases. *See* ECF No. 31, PageID.1503–09. It also notes that virtually all Swoope's Section 1983 actions were brought against defendants who enjoy immunity or against private actors not subject to the

statute. Swoope's conduct, which causes needless expense to defendants and unnecessary burden to courts and their personnel, abuses the judicial process and warrants filing restrictions. *See Tropf*, 289 F.3d at 940 n.18. The restriction recommended by the magistrate judge is sufficiently narrow to allow Swoope to pursue non-frivolous lawsuits by tendering his proposed complaint to the district court for preliminary review. Swoope's objection is overruled. The Court deems Swoope a vexatious litigator and will impose pre-filing restrictions.

viii. Objection H

Finally, Swoope asserts that the R&R fails to address "a judicial finding that directly implicates due process." ECF No. 32, PageID.1517. This objection is not sufficient because it is not clear and specific enough to permit the Court to squarely address it on the merits. *See Pearce*, 893 F.3d at 346. This objection is overruled.

## III. Conclusion

The Court **OVERRULES** Swoope's objections and **ADOPTS** the R&R as this Court's own opinion. Defendants' motion to dismiss is **GRANTED** and the Doe Defendants are **DISMISSED WITHOUT PREJUDICE**. The

Court **DENIES** defendants' motion for sanctions. Swoope's complaint is **DISMISSED** in its entirety.

Additionally, Swoope is hereby **ENJOINED FROM FILING**, without seeking and obtaining leave of Court: (1) any new lawsuits against judicial officers, court personnel, municipalities or municipality personnel; or (2) any new lawsuits related to state court actions in which he was a party.

If Swoope seeks to obtain leave of court, he must comply with the following requirements:

(1) He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any papers he proposes to file against any defendant described above and he must attach a copy of this Order to it.

(2) As an exhibit to any motion seeking such leave, he must also attach a declaration, prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit certifying that (1) the document asserts a claim not related to any previous action, civil or criminal, to which he was a party; (2) the claim is not frivolous; and (3) the document is not filed in bad faith.

The Clerk of the Court is **DIRECTED** to assign a miscellaneous case number to any motion for leave to file by Swoope, which the undersigned will then assess for compliance with this order and for frivolity. This matter is now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 24, 2026